**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**BREANNA SHERRELL MORRIS,**

**Plaintiff,**

**v.** **No. 2:26-cv-03344-BCL-jay**

**LAKESIDE BEHAVIORAL HEALTH SYSTEM, and**
**UHS OF LAKESIDE, LLC,**

**Defendants.**

---

**REPORT AND RECOMMENDATION**

---

On October 9, 2026, Plaintiff Breanna Sherrell Morris, proceeding *pro se*, filed an "Emergency Complaint for Declaratory Judgment and Injunctive Relief and Claims for Relief" against Lakeside Behavioral Health System and UHS of Lakeside, LLC. (Docket Entry ["D.E."] 2). The Court is required to conduct a screening of this action because Plaintiff sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 5, 6). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

Plaintiff alleges that Defendant Lakeside Behavioral Health System and/or UHS of Lakeside, LLC refuse to provide her with her medical records. (D.E. 1 at 3). She further states that Defendants have deprived her of "multiple rights." (*Id.*). She continues that "beginning or before or after April 15, 2023," Defendants conspired with unnamed police officers or constables from Houston, Texas, to harm her and to cover up a pattern of wrongful acts and crimes committed

against her. (*Id.* at 3–4). Plaintiff alleges that because of this conspiracy, she was involuntarily committed to a "psych ward." (*Id.* at 4). She avers that she was again involuntarily committed on August 19, 2024, when she was vaccinated without giving consent, DNA samples were stolen from her, and she was subjected to libelous and slanderous statements. (*Id.*). She seeks compensation under "[A]mendment[s] 1, 4, 5, 13, etc." and requests "prosecution to stop fraud and equitable relief of wasted time and unfair slavery/involuntary servitude." (*Id.* at 5).

II.

Plaintiff's Complaint should be dismissed for several reasons. First, her allegations are frivolous and meritless to the extent that this Court lacks subject-matter jurisdiction. Second, even if jurisdiction exists, Plaintiff appears to assert a civil rights claim against non-state actors and, thereby, fails to state a claim upon which relief may be granted. Finally, Plaintiff's claims are time-barred.

A.

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* This Report and Recommendation constitutes the Court's screening.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject-matter jurisdiction. A court may dismiss a complaint for lack of subject-matter jurisdiction when the allegations are "totally implausible, attenuated, unsubstantial, frivolous,

devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 47-809 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see also Smith v. Walbridge Constr.*, No. 1:23-cv-02108, 2023 WL 5827272, at *2 (W.D. Tenn. Aug. 21, 2023) (quoting *Bumpas v. Corr. Corp. of America*, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992))). Federal Rule of Civil Procedure 12(b)(6) provides that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although courts generally apply less stringent standards to *pro se* pleadings than to formal pleadings drafted by lawyers and construe them liberally, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *Kremer v. Unilever, PLC*, No. 24-cv-01410, 2025 WL 2674556, at *6 (M.D. Tenn. Sept. 18, 2025), *pro se* litigants must still adhere to the Federal Rules of Civil Procedure, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003). Furthermore, courts may disregard conclusory allegations and legal conclusions. *Iqbal*, 556 U.S. at 678.

B.

Plaintiff's Complaint warrants dismissal for lack of subject-matter jurisdiction. Her Complaint contains no coherent factual allegations, cognizable legal theory, or connection to federal law sufficient to invoke this court's jurisdiction under 28 U.S.C. § 1331 or § 1332. The complaint consists entirely of allegations that lack any plausible basis in law or fact. The Sixth Circuit has repeatedly affirmed dismissal of similar actions under *Apple v. Glenn* when a complaint

is so insubstantial that it fails to invoke federal jurisdiction. Accordingly, dismissal under *Apple v. Glenn* is appropriate.

C.

While unclear from her Complaint, it appears that Plaintiff's claims are brought under 42 U.S.C. § 1983. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *Nagdy v. Members of (Ky. MAS)*, No. 3:25CV P340, 2025 WL 2982599, at *3 (W.D. Ky. Oct 22, 2025). Unless private entities are "exercise[ing] power possessed by virtue of state law and . . . they are clothed with the authority of state law[,]" they do not act under the color of state law. *Warman v. Mount St. Joseph Univ*., 144 F.4th 880, 892 (6th Cir. 2025) (internal quotations omitted). Nothing in Plaintiff's complaint suggests that Defendants Lakeside Behavioral Health System or UHS of Lakeside, LLC, acted under the color of state law. In fact, this Court has previously dismissed Lakeside Behavioral Health from another § 1983 action Plaintiff brought against it for this same reason. *See Morris v. State of Tenn., et al.*, No. 2:25-cv-02626, 2025 WL 3210363, at *1 (W.D. Tenn. Nov. 17, 2025) (Lipman, C.J.).

D.

Plaintiff's claims are time-barred, assuming Plaintiff's claims are brought under 42 U.S.C. § 1983. (D.E. 1). Section 1983 borrows the applicable limitations period from state law, and Tenn. Code Ann. § 28-3-104(a) requires that civil-rights actions be filed "within one (1) year after the cause of action accrued." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting Tenn. Code Ann. § 28-3-104(a)). While state law controls the limitation period, federal law governs when the claim accrues. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Under federal law, civil rights actions accrue, and the limitations period begins when the plaintiff knows or has reason to know of the injury that forms the basis of the claim. *Id.*

Here, the latest date of wrongful conduct Plaintiff alleges is August 19, 2024. (D.E. 1 at 4). Plaintiff's lawsuit was not filed until October 9, 2026 — more than 2 years after the last date of her alleged injury. Because Plaintiff's action is untimely, her Complaint should be dismissed.

III.

It is **RECOMMENDED** that Plaintiff Breanna Sherrell Morris's Complaint be **DISMISSED** for lack of subject-matter jurisdiction or, alternatively, failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted, this the 16th day of October, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**